New Jersey Department of Labor,
Workmen's Compensation Bureau.

JOHN KERSEY, PETITIONER, v. THE BABCOCK & WILCOX
COMPANY, RESPONDENT.

The petitioner herein having duly filed his petition alleging that on April 2d, 1925, he was in the employ of the respondent at the city of Bayonne, New Jersey, and that in the course of his employment, while helping to repair a drill press, he was struck in the chest by a part of the machinery, causing injury to his chest and other parts of his body, for which he asks compensation; and the respondent having duly filed its answer in which it sets up the defense that the petitioner has completely recovered from the injuries received growing out of the accident and has been compensated for all temporary disability.

After careful examination of the testimony and other proofs in the case and briefs submitted by counsel of the parties respectively, I find that the petitioner has been duly compensated for the disabilities he suffered as a result of said accident while in the employ of the above-named respondent on April 2d, 1925.

I further find that the disease from which the petitioner is now said to be suffering is not the result of said accident, nor has it been aggravated by the accident. I find from the evidence that when the petitioner returned to his work he performed his work with the same degree of skill and ability as before the accident, and that the physicians who testified for the petitioner rested their opinion upon an in-

correct hypothesis that the petitioner was unable to perform his duties of employment after the accident the same as he had done before.

I find from the evidence that any disability from which the petitioner is now suffering is the result of the normal progress of the disease with which he became inflicted many years ago, and that the accident, with its temporary resultant injuries, has no relation as a contributing or aggravating feature to his present condition.

Under the Workmen's Compensation act the burden is on the petitioner to prove his case.

From the evidence submitted I find and determine that the petitioner has failed to sustain the burden of proof as required by the act, and that, therefore, claimant's petition should be dismissed. I therefore hereby do order that the petition of claimant be dismissed and render judgment in favor of the respondent.

CHARLES E. CORBIN,
*Deputy Commissioner.*